IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHAN JACKSON, )
)
    Plaintiff, )
) No. 9-541
vs. )
)
JEFFREY A. BEARD, ET AL., )
)
    Defendants.

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff brings suit pursuant to state negligence law, and 42 U.S.C. § 1983. He avers that as an inmate in a state correctional facility, he was injured and, <u>inter alia</u>, was refused appropriate medical treatment and a wheelchair, and was ridiculed by guards and staff. Plaintiff has named as defendants Pennsylvania's Secretary for the Department of Corrections; the Superintendent and Deputy Superintendent of the facility at issue; and the medical director of the facility.

The non-medical Defendants have filed a Motion to Dismiss the Complaint, arguing as follows: 1) because Plaintiff was under the care of medical personnel, he cannot assert a claim against the Commonwealth Defendants for denial of medical care; 2) Plaintiff has not pleaded personal involvement of the Commonwealth Defendants; and 3) Plaintiff has failed to file a certificate of merit in support of his negligence claim, as required by state law.  Plaintiff has filed an overlapping Motion seeking to determine the necessity for filing a certificate of

merit, and seeking additional time to take action if such a certificate is required.

For the following reasons, Defendant's Motion will be granted, and Plaintiff permitted an opportunity to amend his Complaint. Plaintiff's Motion will be granted in part and denied in part.

## OPINION

### I. Applicable Standards

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001). Plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of his cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The factual allegations of the complaint must nudge the "claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Further, in order to state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "[I]t is not necessarily true...that a plaintiff who

pleads with sufficient particularity to meet Federal Rule of Civil Procedure 8(a) states a claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6). Chinniah v. E. Pennsboro Twp., No. 8-1330, 2008 U.S. Dist. LEXIS 93826 (M.D. Pa. Nov. 18, 2008).

## II.  Personal Involvement

I first address Defendants' arguments that stem from the principle that Section 1983 does not permit respondeat superior or vicarious liability; instead, a defendant must be directly involved in the violation. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). First, Defendants argue that because Plaintiff was under medical care, non-medical prison officials cannot be charged with deliberate indifference to his medical care. Second, they argue that Plaintiff has failed to sufficiently plead that they were personally involved in the alleged constitutional violations.

Defendants' initial contention relies on Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004), which held that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official like Gooler will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." In Spruill, the Court noted that the complaint was deficient, not because it failed to allege specific facts to support the non-medical defendants' mental states, but "because it [did] not so much as suggest that [the non-medical defendant] was aware of the alleged inadequacies in Spruill's medical treatment." Id. at 236, n. 12. In this Circuit, merely responding to or reviewing an inmate grievance does not rise to

the level of personal knowledge, or personal involvement necessary to allege an Eighth Amendment deliberate indifference claim. Whetstone v. Ellers, no. 3:08-CV, 2036, 2009 U.S. Dist. LEXIS 88388, at **22 (M.D. Pa. Sept. 24, 2009). Here, the only factual allegation suggesting the non-medical Defendants' knowledge is Plaintiff's mention of "several grievances" filed "with the Defendants"; the other allegations that embrace Defendants are both general and conclusory. This, as Defendants suggest, is insufficient to establish their direct personal participation in the alleged Eighth Amendment violation.

Nonetheless, direct personal involvement in the individual violation, of the type contemplated by Spruill, is not the only factual scenario that will sustain a Section 1983 claim against non-medical Defendants:

> Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. ...Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff.

Steedley v. Corr. Med. Servs., No. 07-448-GMS, 2009 U.S. Dist. LEXIS 22790, at **18-19 (D. Del. Mar. 19, 2009) (citations omitted); see also Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

In a supervisory liability case, Spruill does not necessarily shield the non-medical Defendants.[1] Cf., e.g., McCarthy v. County of Bucks, No. 8-1123, 2008 U.S. Dist. LEXIS 99765, at *16-17 (E.D. Pa. Dec. 8, 2008). In other words, a supervisory defendant sufficiently involved with a policy or practice that caused

---

[1] There is no suggestion that the plaintiff in Spruill pursued this type of claim.

constitutional harm may support a Section 1983 claim. Indeed, in this case, Plaintiff clearly evinces an intent to assert a claim based on policy and practice. Accordingly, "[t]o satisfy the basic pleading standard, [plaintiff] must identify the relevant customs or policies, and specify what they were." Muller v. Bristol Twp., No. 9-1086, 2009 U.S. Dist. LEXIS 85005, at **10-11 (E.D. Pa. Sept. 17, 2009).

In this case, Plaintiff avers that the alleged deprivations were "consistent with" the custom and institutionalized practices employed by the Defendants, who allowed the employees and staff to continue in those practices, or failed to prevent them from engaging in those practices. Under applicable standards, Plaintiff does not sufficiently identify the policy or practice by which the non-medical Defendants might be held liable, or that they were the moving force behind the alleged violations. He will, however, be provided with an opportunity to do so.

### III. Certificate of Merit

Defendants have moved to dismiss Plaintiff's medical negligence claim for failure to file a certificate of merit under Pa.R.Civ.P. 1042.3(a); Plaintiff, in turn, has filed a Motion seeking to determine the necessity for such a certificate.

The applicable rule provides that in an action based on allegations that a licensed professional deviated from the acceptable professional standard, the attorney for the plaintiff shall file with the complaint or within sixty days after the filing of the complaint a certificate of merit signed by the attorney. This Rule must be applied, as well, in federal court. Chamberlain v. Giampapa, 210 F.3d 154, 158-61 (3d Cir. 2000). "[W]here a complaint is predicated upon facts

constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence action." Ditch v . Waynesboro Hospital, 917 A.2d 317, 321-22 (Pa.Super. 2007).

Here, the substance of Plaintiff's "medical negligence" claim is based on alleged deviation from professional medical standards. Plaintiff avers that a physician's assistant diagnosed him with two torn quad muscles. He received no treatment for twenty days after the diagnosis, and was referred to the orthopedic clinic only after he filed a grievance. He was there diagnosed with a quad tear in both legs, and eventually underwent reparative surgery. The Complaint alleges, inter alia, that the medical defendant failed to perform proper testing, and failed to properly assess Plaintiff's condition.  Thus, the questions raised involve medical judgment beyond the realm of common knowledge and experience.  A certificate of merit is required in this case.

Plaintiff's Complaint was filed on May 4, 09; the certificate was due, therefore, in July of 2009. "Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse." Walsh v. Consol. Design & Eng'g, Inc., No. 5-2001, 2007 U.S. Dist. LEXIS 72534, at **16-17 (E.D. Pa. Sept. 28, 2007).  At this time, in the few months since the deadline has passed, there has been little docket activity in this case, in part due to the pendency of Defendants' Motion to Dismiss.  Accordingly, Defendants would not be prejudiced by an extension, and I will not dismiss Count

II on the basis that Defendants urge. Plaintiff has not demonstrated why he should be permitted to depose Defendant Morgan at this stage. Cf. Speicher v. Toshok, 63 Pa. D. & C.4th 435 (Allegheny 2003). Therefore, keeping in mind that denial of medical treatment is a serious allegation, I will permit an extension of thirty days for Plaintiff to file the required certificate of merit, but not to depose Defendant Morgan.

## CONCLUSION

In sum, Plaintiff's Complaint has failed to state a claim against the Commonwealth Defendants, because he has not stated sufficient facts to permit Monell liability, and non-medical personnel liability under applicable standards. Plaintiff will, however, be given an opportunity to amend the Complaint, and to file a certificate of merit.

An appropriate Order follows.

**ORDER**

AND NOW, this 5th day of November, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss (Docket No. [10]) is granted in part, to the extent that Count I of the Complaint is dismissed for failure to state a claim as set forth in the body of the Opinion. The dismissal is without prejudice to Plaintiff to file an amended pleading within ten (10) days of the date of this Order. Plaintiff's Motion to Determine the Necessity of a Certificate of Merit (Docket No. [12]) is granted in part and denied in part, to the extent that Plaintiff may file a certificate of merit within thirty (30) days of the date of this Order.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, United States District Court