IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHAN JACKSON,                          )
                                         )
                    Plaintiff,           )
                                         )
         vs.                             )        Civil Action No. 09-541
                                         )
JEFFREY A. BEARD, et al.,                )
                    Defendants.          )
                                         )


AMBROSE, District Judge


**OPINION AND
ORDER OF THE COURT**

**Synopsis**

Defendants Jeffrey Beard ("Beard"), Paul Stowitzky ("Stowitzky") and Fred Ruffo

("Ruffo") (collectively, the "Commonwealth Defendants") move to dismiss the Amended

Complaint for failure to state a claim against them.  For the reasons set forth below, I grant the

Commonwealth Defendants' motion to dismiss Count I of the Amended Complaint and deny

their motion to dismiss Count II of the Amended Complaint.

**I.  Applicable Standards**

In deciding whether to grant or deny a motion to dismiss brought pursuant to Federal

Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the grounds of his
> entitlement to relief requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do.  Factual allegations
> must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citation and footnote omitted); see also, Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise the right to relief above the speculative level).

More recently, in Ashcroft v. Iqbal, 129 S. Ct. 11937, 1949 (2009), the Supreme Court held that "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The Supreme Court went on to specifically highlight the two principles which underpinned its decision in Twombly. First, for the purpose of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. Iqbal, 129 S. Ct. at 1949-50; see also, Fowler v. UPMC Shadyside 2009 WL 2501662, at *5 (3d Cir. Aug. 18, 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific analysis, drawing on the court's judicial experience and common sense. Iqbal, 129 S. Ct. at 1950; Fowler, 2009 WL 2501662, at * 5. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not shown - that the complainant is entitled to relief. Iqbal, 129 S. Ct. at 1950.

**II. Factual Allegations**

Defendant Beard is the Secretary for the Commonwealth of Pennsylvania, Department of

2

Corrections.  (Amended Complaint [Docket No. 19], at ¶ 3.)  Defendant Stowitzky is the former Superintendent of the Pennsylvania Regional Correctional Facility in Mercer County, Pennsylvania.  (Id. at ¶ 4.)  Defendant Ruffo is the current Deputy Superintendent of the Pennsylvania Regional Correctional Facility in Mercer County, Pennsylvania.  (Id. at ¶ 5.)

Plaintiff alleges that on May 4, 2007, while he was inmate at the State Correctional Institution in Mercer, Pennsylvania ("SCI Mercer"), he suffered a fall, heard a pop and felt a sharp pain in both legs, causing him to lose the ability to stand or walk.  (Id. at ¶¶ 9-11.)  Plaintiff was carried to the SCI Mercer infirmary where he was placed under the care of Defendant Scott D. Morgan, M.D. ("Dr. Morgan") and his staff.  (Id. at ¶ 12.)[1]

Plaintiff was examined by a physician's assistant under Dr. Morgan's supervision and x-rays were taken of his legs.  (Id. at ¶ 13.)  He was informed that he had suffered no serious injury to his legs and was refused further diagnostic testing or orthopedic treatment.  (Id. at ¶ 14.)  He was also "later" seen by Dr. Morgan.  (Id. at ¶ 15.)

Plaintiff claims that he continued to suffer excruciating pain, was ridiculed by the guards and staff at the facility, and that his use of a wheelchair was withheld on numerous occasions. (Id. at ¶ 16.)  Only after Plaintiff filed several grievances did Dr. Morgan agree to permit Plaintiff be examined by an orthopedic surgeon.  (Id. at ¶ 17.)

On or about June 5, 2007, Plaintiff was examined by an orthopedic consultant, who diagnosed Plaintiff with bilateral quadriceps tendon tears of both lower extremities, requiring immediate surgery to repair the tendons.  (Id. at 18.)  This diagnosis was confirmed by an MRI taken on or about June 20, 2007.   (Id. at ¶ 19.)  On or about July 12, 2007, Plaintiff underwent

---

[1]Defendant Dr. Morgan has not moved to dismiss the Amended Complaint.

surgery to repair the tendons.  (Id. at ¶ 20.)

Paragraph 21 of the Amended Complaint sets forth general allegations against all Defendants, including Dr. Morgan, that they: (a) deprived Plaintiff of timely diagnostic tests, examination and medical treatment; (b) caused Plaintiff to unnecessarily suffer while he awaited treatment for his injuries; (c) caused cruel and unusual punishment and constitutional deprivations; (d) permitted the employees and staff to humiliate Plaintiff and deprive him of the use of assistive devices; (e) failed to institute procedures to prevent the unlawful deprivation of rights as suffered by the Plaintiff; (f) knowingly violated  Plaintiff's constitutional right to be free from cruel and unusual punishment and the deprivation of medical treatment and care; (g) inflicted  unnecessary pain upon a person in their custody and care; (h) violated rules and procedures of the Defendants; (i) violated rules, regulations, ordinances and laws of the Commonwealth and the U.S.; (j) knowingly deprived Plaintiff of the freedom of his body from harm; (k) failed to hire properly trained employees; (l) failed to properly train their employees; (m) knowingly violated Plaintiff's constitutional rights; and (n) were careless, reckless, and grossly negligent.  (Id. at ¶ 21.)  These allegations were also set forth verbatim in Plaintiff's original complaint (Docket No. 1, at ¶ 21.)

Paragraph 22 of the Amended Complaint adds new allegations against the Commonwealth Defendants.  Plaintiff alleges that the Commonwealth Defendants "acted or failed to act in drafting, approving, authorizing, directing and/or implementing rules, policies and/or procedures for the correctional institution which deprived Plaintiff of his constitutional rights. . . ."  (Docket No. 19, at ¶ 22.)   Specifically, Plaintiff claims that the Commonwealth Defendants (a) failed to establish and/or implement a policy or procedure allowing immediate

4

emergency treatment for inmates at hospitals and facilities outside the correctional institution when the appropriate diagnostic equipment and facilities are not available on site; (b) implemented procedures resulting in substantial and unnecessary delay between a request for referral by the correctional facility physician, its approval, and the scheduling of the necessary evaluation or examination by a medical specialist; (c) failed to procure the necessary diagnostic equipment on site and/or make such equipment readily available for use by staff physicians in the diagnosis and treatment of inmates; (d) implemented procedures which result in substantial delay between a request made by a medical specialist for diagnostic testing of an inmate with an emergency medical condition, its approval and the delay in scheduling the diagnostic procedure at an outside facility; (e) implemented procedures which resulted in a substantial delay between a request for referral by the correctional facility physician for emergency surgery, its approval and the scheduling of the necessary surgical treatment for an inmate in the custody of the correctional institution; and (f) otherwise implemented, authorized and/or directed rules, procedures and policies which cause a substantial delay in the evaluation, diagnosis and treatment of inmates resulting in unnecessary pain, suffering and disability. (Id. at ¶ 22.)

Plaintiff alleges the same two counts in his Amended Complaint as in his original Complaint - Count I for violations of his rights under the 8th and 14th Amendments of the U.S. Constitution, and Count II for medical negligence under Pennsylvania state law.

## III. Procedural History

The Commonwealth Defendants moved to dismiss the original Complaint on the grounds that (1) because Plaintiff was under the care of medical personnel, he cannot assert a claim against the Commonwealth Defendants for denial of medical care; (2) Plaintiff has not pleaded

the personal involvement of the Commonwealth Defendants; and (3) Plaintiff has failed to file a certificate of merit in support of his negligence claim, as required by state law.  By Opinion and Order, dated November 5, 2009 (Docket No. 18), I granted in part the Commonwealth Defendants' motion to dismiss, dismissing Count I of the Complaint with leave to amend and permitting Plaintiff to file a certificate of merit in support of Count II of the Complaint within thirty days.  While reviewing or responding to an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim, a supervisor who implements deficient policies and was deliberately indifferent to the resulting risk, or whose actions and inactions were the moving force behind the harm suffered by the plaintiff can be subject to liability under the Eighth Amendment.  Id. at 4.  Accordingly, I granted Plaintiff leave to amend his complaint to identify the policy or practice by which the Commonwealth Defendants might be held liable, or that they were the moving force behind the alleged violations.  (Id. at 5.)  I further held that a certificate of merit was required under Pennsylvania law in support of Count II of the Complaint, and granted Plaintiff an extension of thirty days to file the certificate of merit. (Id. at 7.)

**IV.  The Commonwealth Defendants' Motion To Dismiss**

        **A.  Claim Under the Eighth and Fourteenth Amendments**

As I previously held, "a supervisory defendant sufficiently involved with a policy or practice that caused a constitutional harm may support a Section 1983 claim." (Docket No. 18, at 4-5.)  In dismissing the complaint, I explained that "Plaintiff does not sufficiently identify the policy or practice by which the non-medical Defendants might be held liable, or that they were the moving force behind the alleged violations."  (Id. at 5.)

6

Despite the addition of Paragraph 22 of the Amended Complaint, Plaintiff has failed to cure his pleading deficiencies.  Paragraph 22, Plaintiff's only attempt to meet the pleading requirements laid out in my opinion on the prior motion to dismiss, contains the same sort of conclusory allegations which resulted in the dismissal of the original complaint.  For instance, Plaintiff alleges that the Commonwealth Defendants "individually, jointly and severally and/or through their agents and/or employees in their administrative and/or supervisory capacity acted or failed to act in drafting, approving, directing and/or implementing rules, policies and/or procedures for the correctional institution which deprived the plaintiff of his constitutionally protected rights. . . ." (Docket No. 19, at 5.)  Similarly, in paragraph 23, Plaintiff alleges that the Commonwealth Defendants "acted with knowledge and reckless indifference." (Id. at 6.)

The language in paragraph 22 may allege an abstract possibility that the Commonwealth Defendants were the "moving force" behind the alleged constitutional harm suffered by Plaintiff, but the pleading standards require more.  As the Supreme Court explained:

> The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

Swift v. McKeesport Housing Auth., 2009 WL 3856304, at *4 (W.D. Pa. Nov. 17, 2009) (quoting Iqbal, 129 S. Ct. 1937).  Paragraph 22 contains mere boilerplate allegations regarding the Commonwealth Defendants' actions (or inactions), which are not sufficient to his right to relief above the speculative level with respect to this claim.[2]  Similarly, Plaintiff's allegation that

---

[2]In his brief, Plaintiff fails to address or even acknowledge the pleading requirements set forth in Twombly and Iqbal.

the Commonwealth Defendants "acted with knowledge and reckless indifference" (Docket No. 19, at ¶ 23), is the sort of "formulaic recitation" of the elements of a claim that was expressly rejected by the Supreme Court.  See Twombly, 550 U.S. at 555.[3]

**B.  Claim for Medical Negligence**

Count II of the Amended Complaint sets forth a claim for medical negligence under Pennsylvania state law.  In my prior opinion, I held that Plaintiff was required to file a certificate of merit in connection with this claim in accordance with  Pa.R.Civ.P 1042.3(a).  Plaintiff has now filed a certificate of merit. (Docket No. 29.) This is the sole basis upon which the Commonwealth Defendants moved to dismiss this claim.  Accordingly, the Commonwealth Defendants' motion to dismiss Count II of the Amended Complaint is denied.

<u>Conclusion</u>

Based on the foregoing, the Commonwealth Defendants' motion to dismiss is granted with respect to Count I of the Amended Complaint and denied with respect to Count II of the Amended Complaint.

---

[3]This Court continues to exercise jurisdiction over this action based on the Eighth Amendment allegations against Defendant Morgan, who was not a party to the motion to dismiss the Amended Complaint.

## **<u>ORDER OF COURT</u>**

Having carefully considered the Commonwealth Defendants' motion to dismiss the

Amended Complaint [Docket Nos. 22. 23] and Plaintiff's opposition thereto [Docket Nos. 30,

31], it is hereby ORDERED that:

(1) the Commonwealth Defendants' motion to dismiss Count I of the Amended

Complaint is GRANTED; and

(2) the Commonwealth Defendants' motion to dismiss Count II of the Amended

Complaint is denied; and it further ordered that

(3) the Commonwealth Defendants shall file an answer to Count II of the Amended

Complaint within ten (10) days of the date of this order.

Dated: February 22, 2010

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
U.S. District Judge