IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 09-541 |
| JEFFREY A. BEARD, et al., Defendants. | ) ) ) ) ) |

AMBROSE, District Judge

## MEMORANDUM ORDER

Having carefully considered the Commonwealth Defendants' Motion to Reconsider Order on Motion to Dismiss [Docket No. 38], Plaintiff's Motion to Reconsider the Court's Order Dismissing Plaintiff's Civil Rights Claims Against Defendants Jeffrey A. Beard, Paul Stowitzky and Fred J. Russo, and Response to Defendants' Motion for Reconsideration [Docket No. 39] and the Commonwealth Defendants' Response to Plaintiff's Motion to Reconsider and Reply to Plaintiff's Response to the Commonwealth Defendants' Motion to Reconsider [Docket No. 42], it is ORDERED that:

(1) The Commonwealth Defendants' motion to reconsider the order [Docket No. 35] on the motion to dismiss is GRANTED. The Commonwealth Defendants are entitled to sovereign immunity under 1 Pa.C.S.A. § 2310 with respect to Count II of Plaintiff's complaint stating a claim for medical negligence. The Commonwealth Defendants, consisting of the Secretary for the Commonwealth of Pennsylvania, Department of Corrections, the former Superintendent of the

1

Pennsylvania Regional Correctional Facility in Mercer, Pennsylvania (the "Mercer Facility"), and the current Deputy Superintendent of the Mercer Facility, are neither health care employees nor health care personnel falling within the exemption to sovereign immunity provided by 42 Pa.C.S.A. § 8522(b)((2). See Such v. Vincent, 2007 WL 906170, at *9 (W.D. Pa. Mar. 22, 2007) (dismissing state law claims against the Secretary of the Department of Corrections and the facility superintendent); Lor v. Commonwealth, 2000 WL 186839, at *5 (E.D. Pa. 2000) (dismissing negligence claims against administrator and superintendent of state hospital); Steinberg v. Commonwealth, 405 A.2d 1135, 1137 (Pa. Commw. Ct. 1979) (administrator at youth detention centers does not qualify as related health care personnel). The Commonwealth Defendants' alleged role with respect to policies and procedures at the Mercer Facility does not alter this determination. See Moser v. Heistand, 681 A.2d 1322, 1326 (Pa. 1996) (statute waiving sovereign immunity does not extend to direct liability of persons formulating policy on behalf of state hospital). Accordingly, Count II of the Complaint is dismissed as against the Commonwealth Defendants.

(2) Plaintiff's motion for reconsideration is DENIED, for the reasons previously stated in my prior order [Docket No. 35]. Plaintiff's motion for reconsideration continues to apply the incorrect legal standard to the allegations of the Amended Complaint.

Dated: March 10, 2010

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose
District Judge